**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7910**

ROBERT L. LANDRUM, a/k/a Robert Levern Landrum,

        Plaintiff – Appellee,

      v.

DR. DAVID BOWENS, DMD, SCDC; MS. CARLA DAVIS, MAT, Allendale
C.I.; DR. DOUGLAS MCPHERSON, DMD, SCDC,

        Defendants – Appellants,

      and

GEORGE T. HAGAN, Warden Allendale Correctional Institution;
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,

        Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Cameron McGowan Currie, District
Judge.  (8:08-cv-02993-CMC)

Submitted:  March 26, 2010        Decided:  April 13, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert L. Landrum, Appellant Pro Se.  Michael Charles Tanner,
MICHAEL C. TANNER LAW OFFICE, Bamberg, South Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert L. Landrum, a South Carolina inmate, filed a civil rights action pursuant to 42 U.S.C. § 1983 (2006), alleging in part that David Bowens, Carla Davis, and Douglas McPherson ("Appellants"), all responsible for the dental care of inmates at the Allendale Correctional Institution, violated Landrum's Eighth Amendment right to reasonable medical care by failing to provide him with proper dental treatment. Appellants filed a motion for summary judgment and argued that they were entitled to qualified immunity. The district court found that Appellants were not entitled to qualified immunity, and denied the motion. Appellants noted an interlocutory appeal. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

On appeal, Appellants argue in their informal brief only that the district court erred in denying them qualified immunity. Appellants assert that they have not violated Landrum's constitutional rights, claiming that "[t]o the extent that [Landrum] is complaining that [South Carolina Department of Corrections] staff did not comply with his wish to have all of his teeth extracted, he has not alleged a constitutional violation because [he] is not entitled to the dental treatment of his choice, but only to reasonable care." Appellants further state that they treated Landrum at eight separate dental

3

appointments between July 2006 and June 2008, that they made pain medication available to him, and that Landrum is responsible for delays to his treatment by failing to appear for dental appointments. Appellants conclude that because they did not violate Landrum's constitutional rights, "there is no need to consider whether that right was clearly established," and thus they are entitled to qualified immunity.

Although neither Appellants nor Landrum addresses the matter on appeal, we must first evaluate the threshold issue of whether we have jurisdiction over this appeal. It is well-settled that while interlocutory orders generally are not appealable, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). However, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 319-20 (1995). Thus, this court possesses "'no jurisdiction over a claim that a plaintiff has not presented enough evidence to prove that the plaintiff's version of the facts actually occurred,'" but does have jurisdiction over "'a

4

claim that there was no violation of clearly established law accepting the facts as the district court viewed them.'" Culosi v. Bullock, ___ F.3d ___, 2010 WL 610625, at *4 (4th Cir. Feb. 22, 2010) (quoting Winfield v. Bass, 106 F.3d 525, 530 (4th Cir. 1997) (en banc)).

Here, in denying Appellants' motion for summary judgment, the district court concluded that a genuine issue of material fact existed regarding Landrum's treatment, and resolution of those issues of fact would determine whether Landrum's Eighth Amendment right had been violated. Although the district court did make a legal determination that there was a clearly established right to reasonable medical care, Appellants do not challenge that determination, but instead the fact-related issues regarding whether certain actions occurred that could amount to a constitutional violation. See Iko v. Shreve, 535 F.3d 225, 237 (4th Cir. 2008) ("Because the district court denied [summary judgment] by virtue of conflicting factual inferences, . . . there is no legal issue on appeal on which we could base jurisdiction."). Accordingly, this court lacks jurisdiction over the appeal, and the appeal must be dismissed. We deny Landrum's motion for appointment of counsel. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED